**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARGARET J. LOPEZ, Individually
and on behalf of all others similarly situated,

      Plaintiff,

v.                                 Civil Action No. 1:16-cv-01257-WPL-KBM

EL MIRADOR, INCORPORATED
and LOUIS PEREA,

      Defendants.

**DEFENDANT EL MIRADOR, INCORPORATED'S ANSWER TO PLAINTIFF'S**
**ORIGINAL CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Defendant El Mirador, Incorporated ("El Mirador" herein) Answers Plaintiff's Original

Class Action and Collective Action Complaint [Doc. 1] ("Complaint" herein), as follows:

**I.**

**OVERVIEW**

1.      El Mirador admits that Plaintiff Margaret J. Lopez ("Plaintiff" herein) purports to

bring claims under the Fair Labor Standards Act ("FLSA"); and that Plaintiff also purports to

bring such claims as a collective action on behalf of herself and others as alleged in paragraph 1

of the Complaint. El Mirador, however, denies the validity of all such claims and denies that this

matter should or could proceed as a collective, representative or class action under any law or

rule of procedure, including, but not necessarily limited to, under the FLSA, the New Mexico

Minimum Wage Act ("NMMWA"), or Fed. R. Civ. P. 23. El Mirador denies all remaining

allegations contained in paragraph 1 of the Complaint.

2.      El Mirador admits that Plaintiff purports to be a New Mexico Class

Representative; that Plaintiff purports to bring claims under the New Mexico Minimum Wage

Act; and that Plaintiff also purports to bring such claims on behalf of an alleged hypothetical

class as alleged in paragraph 2 of the Complaint. El Mirador, however, denies the validity of all

such claims and denies that this matter should or could proceed as a collective, representative or

class action under any law or rule of procedure, including, but not necessarily limited to, under

the FLSA, the New Mexico Minimum Wage Act ("NMMWA"), or Fed. R. Civ. P. 23. El

Mirador denies all remaining allegations contained in paragraph 2 of the Complaint.

## II.

## PARTIES

3.      El Mirador is without sufficient information to form a belief as to whether

Plaintiff is a citizen of the United States, or whether Plaintiff is domiciled in the City of Clayton,

State of New Mexico, and thus denies such allegations. The allegation that Plaintiff has been

employed by Defendants is a legal contention, characterization or conclusion to which no

response is required. To the extent a response may be required, such allegations are denied. El

Mirador is without sufficient information to form a belief as to whether Plaintiff worked as a

home health worker; the number of hours Plaintiff worked; to whom services, if any, were

provided; or the time period during which Plaintiff provided such services, and thus denies such

allegations. El Mirador denies that Plaintiff was not properly compensated. El Mirador denies

that there is any attachment or exhibit to the Complaint served on El Mirador. El Mirador denies

all remaining allegations contained in paragraph 3 of the Complaint.

4.      El Mirador admits only so much of paragraph 4 of the Complaint that alleges El

Mirador is a New Mexico corporation. The allegation that El Mirador's principal place of

business is located in Albuquerque, New Mexico, or that it may be served through its registered

agent, Louis Perea, are legal contentions, characterizations or conclusions to which no response

is required. El Mirador denies all remaining allegations contained in paragraph 4 of the Complaint.

5.      The allegation that El Mirador employed Plaintiff is a legal contention, characterization or conclusion to which no response is required. To the extent a response may be required, El Mirador denies that El Mirador employed Plaintiff. El Mirador is without sufficient information to form a belief as to whether it participated directly in any decisions regarding rights for which Plaintiff purportedly seeks redress in this in this case, and thus denies such allegations. El Mirador denies the validity of all of Plaintiff's purported claims in this case and further denies all remaining allegations contained in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 of the Complaint appear to be legal contentions, characterizations or conclusions to which no response is required. To the extent a response may be required, it is unclear what is meant by the term "major individual" and thus El Mirador is without sufficient information to form a belief as to whether Defendant Louis Perea ("Perea" herein) is a "major individual" as alleged in paragraph 6 of the Complaint. Thus all allegations contained in paragraph 6 of the Complaint are denied.

7.      The allegations in paragraph 7 of the Complaint appear to be legal contentions, characterizations or conclusions to which no response is required. To the extent a response may be required, El Mirador denies that Perea employed Plaintiff. El Mirador is without sufficient information to form a belief as to whether Perea participated directly in any decisions regarding rights for which Plaintiff purportedly seeks redress in this in this case, and thus denies such allegations. El Mirador denies the validity of all of Plaintiff's purported claims in this case and further denies all remaining allegations contained in paragraph 7 of the Complaint.

8.      El Mirador denies that there is any FLSA Class, New Mexico Class or any other type of class to be identified; denies that it is possible to ascertain the size or identity of any such alleged hypothetical classes by any means, including from business records, tax records or any other type of record kept by El Mirador, or kept by any hypothetical related or affiliated entities, the existence of which are denied. El Mirador further denies that this matter should or could proceed as a collective, representative or class action under the FLSA, the NMMWA, Fed. R. Civ. P. 23, or under any other law; denies the validity of all of Plaintiff's purported claims in this case; and denies all remaining allegations contained in paragraph 8 of the Complaint.

## III.

## JURISDICTION

9.      El Mirador admits it transacts business in the State of New Mexico. El Mirador denies that Perea transacts business in the State of New Mexico. The remaining allegations in paragraph 9 of the Complaint are legal contentions, characterizations or conclusions to which no response is required. To the extent any additional response may be required, all remaining allegations in paragraph 9 of the Complaint are denied.

## IV.

## VENUE

10.      El Mirador admits it is a New Mexico corporation. El Mirador admits Perea resides in the State of New Mexico. El Mirador is without sufficient information to form a belief as to whether a substantial part of the events giving rise to Plaintiff's purported claims occurred in this District as alleged in paragraph 10 of the Complaint. The remaining allegations in paragraph 10 of the Complaint are legal contentions, characterizations or conclusions to which

no response is required. To the extent any additional response may be required, all remaining allegations in paragraph 9 of the Complaint are denied.

## V.

## COLLECTIVE ACTION DEFINITION

11.     El Mirador denies the validity of the claims pled in the Complaint and denies that this matter should or could proceed as a collective, representative or class action under the FLSA, the NMMWA, Fed. R. Civ. P. 23, or otherwise. El Mirador denies that any hypothetical FLSA Class exists, or could exist, as alleged in paragraph 11 of the Complaint. El Mirador is without sufficient information to form a belief as to the amount of time hypothetical home health workers may claim to have worked as alleged in paragraph 11 of the Complaint, and thus denies such allegations. Paragraph 11 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether the alleged hypothetical FLSA Class members were employed by Defendants or their hypothetical affiliated entities. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador denies that any person was not paid as alleged in paragraph 11 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 11 of the Complaint.

## VI.

## RULE 23 CLASS ACTION DEFINITION

12.     El Mirador denies the validity of the claims pled in the Complaint and denies that this matter should or could proceed as a collective, representative or class action under the FLSA, the NMMWA, Fed. R. Civ. P. 23, or otherwise. El Mirador denies that any hypothetical

New Mexico Class exists, or could exist, as alleged in paragraph 12 of the Complaint. El Mirador is without sufficient information to form a belief as to the amount of time hypothetical home health workers may claim to have worked as alleged in paragraph 12 of the Complaint, and thus denies such allegations. Paragraph 12 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether the alleged hypothetical New Mexico Class members were employed by Defendants or their hypothetical affiliated entities, the existence of which are denied. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador denies that any person was not paid as alleged in paragraph 12 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 12 of the Complaint.

## VII.

## COVERAGE UNDER THE FLSA

13.     Paragraph 13 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether Defendants are and have been employers within the meaning of 29 U.S.C. § 203(d). To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether Defendants are and have been an enterprise within the meaning of 29 U.S.C. § 203(r). To the extent any response to legal contentions, characterizations or conclusions is

required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador admits that it has had annual gross volume of business of not less than $500,000.00, but denies that Perea has had any annual gross volume of sales made or business of not less than $500,000.00 as alleged in paragraph 15 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 15 of the Complaint.

16.     El Mirador denies that there are others similarly situated to Plaintiff as alleged in paragraph 16 of the Complaint. Paragraph 16 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether Plaintiff or others are or were employees, and whether Plaintiff or others are or were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 16 of the Complaint.

## VIII.

## FACTS

17.     El Mirador denies that any hypothetical FLSA Class exists, or could exist; and further denies that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 17 of the Complaint. Paragraph 17 of the

Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether Plaintiff or others are considered home health workers, and whether Plaintiff or others were employed by Defendants. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador is without sufficient knowledge to form a belief as to whether Plaintiff or other unidentified hypothetical people may have provided companionship as alleged in paragraph 17 of the Complaint, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 17 of the Complaint.

18.     El Mirador is without sufficient knowledge to form a belief as to the number of hours Plaintiff worked, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 18 of the Complaint.

19.     El Mirador is without sufficient knowledge to form a belief as to the number of hours Plaintiff worked, and thus denies such allegations. El Mirador denies that Plaintiff was not properly compensated. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 19 of the Complaint.

20.     El Mirador denies that any hypothetical FLSA Class exists, or could exist. El Mirador is without sufficient knowledge to form a belief as to the number of hours any hypothetical person who may claim to be a member of any such alleged hypothetical FLSA Class may claim to have worked, and thus denies such allegations. El Mirador denies that any person was not properly compensated. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 20 of the Complaint.

21.     El Mirador denies that any hypothetical FLSA Class exists, or could exist. El Mirador further denies that Plaintiff is or could be a member or representative of any such alleged hypothetical collective or class action as alleged in paragraph 21 of the Complaint. El Mirador denies that any person, including Plaintiff, was not properly compensated. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 21 of the Complaint.

22.     El Mirador is without sufficient knowledge to form a belief as to what Plaintiff claims to be aware of, and thus denies such allegations. El Mirador denies all allegations of wrongdoing with regard to payment practices. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 22 of the Complaint.

## IX.

## FLSA VIOLATIONS

23.     Paragraph 23 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required.

24.     Paragraph 24 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required.

25.     Paragraph 25 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. El Mirador has insufficient knowledge to form a belief as to how the Department of Labor will claim to have interpreted the legal contentions, characterizations or conclusions in the Complaint, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 25 of the Complaint.

26.     El Mirador is without sufficient knowledge to form a belief as to whether there was a shift as alleged in paragraph 26 of the Complaint, and thus denies such allegations. Paragraph 26 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, El Mirador denies such allegations. El Mirador has insufficient knowledge to form a belief as to how the Department of Labor will claim to have interpreted the legal contentions, characterizations or conclusions in the Complaint, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 28 of the Complaint.

29.     El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 29 of the Complaint. El Mirador denies that any person, including Plaintiff, was not properly compensated. To the extent any

further response is required, El Mirador denies all remaining allegations contained in paragraph 29 of the Complaint.

30.      Paragraph 30 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, such allegations are denied. El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 30 of the Complaint. El Mirador denies that any person, including Plaintiff, was not properly compensated. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 30 of the Complaint.

31.      Paragraph 31 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, such allegations are denied. El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 31 of the Complaint. El Mirador denies that any person, including Plaintiff, was not properly compensated. El Mirador denies that it acted knowingly, willfully or recklessly as alleged in paragraph 31 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 31 of the Complaint.

## XI.

## NEW MEXICO MINIMUM WAGE ACT VIOLATIONS (NMMWA)

32.      Paragraph 32 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required.

33.     Paragraph 33 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, such allegations are denied. El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 33 of the Complaint. El Mirador denies all remaining allegations contained in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, such allegations are denied. El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 34 of the Complaint. El Mirador denies that any person, including Plaintiff, was not properly compensated. El Mirador denies that it acted knowingly, willfully or recklessly as alleged in paragraph 34 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 34 of the Complaint.

## XII.

## COLLECTIVE ACTION ALLEGATIONS

35.     El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 35 of the Complaint. El Mirador further denies that it has any wrongful or unlawful practices or policies; or that any person, including Plaintiff, was not properly compensated as alleged in paragraph 35 of the Complaint.

El Mirador denies that it willfully violated the FLSA as alleged in paragraph 35 of the Complaint. Paragraph 35 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether the alleged hypothetical FLSA Class members were employees. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador is without sufficient knowledge to form a belief as to what others may have reported to Plaintiff, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 35 of the Complaint.

36.     El Mirador denies that it has any wrongful or unlawful practices or policies; or that any person, including Plaintiff, was not properly compensated. El Mirador denies that any hypothetical persons could be similarly situated to Plaintiff as alleged in paragraph 36 of the Complaint. Paragraph 36 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether the alleged hypothetical FLSA Class members were employees. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 36 of the Complaint.

37.     El Mirador denies that it has any wrongful or unlawful practices or policies, or that any person, including Plaintiff, was not properly compensated. El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 37 of the Complaint. El Mirador denies that any hypothetical persons could be

similarly situated to Plaintiff as alleged in paragraph 37 of the Complaint. Paragraph 37 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether the alleged hypothetical FLSA Class members were employees. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 37 of the Complaint.

38.     El Mirador denies that the circumstances alleged in the Complaint lend themselves to collective treatment; and further denies that there is any common nucleus of liability facts as alleged in Paragraph 38 of the Complaint. El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 38 of the Complaint. El Mirador further denies that it has any wrongful or unlawful practices or policies, or that any person, including Plaintiff, was not properly compensated. Paragraph 38 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador denies that Plaintiff or any other person is entitled to any relief. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 38 of the Complaint.

**XIII.**

**FAIR LABOR STANDARDS ACT – OVERTIME WAGES**

39.     In response to paragraph 39 of the Complaint, El Mirador reasserts and incorporates by reference its response to all preceding allegations and paragraphs of the Complaint.

40.     El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 40 of the Complaint. El Mirador further denies that any person, including Plaintiff, was not properly compensated. Paragraph 40 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 40 of the Complaint.

41.     El Mirador denies that any person, including Plaintiff, was not properly compensated. Paragraph 41 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 41 of the Complaint.

42.     El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, or that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 42 of the Complaint. El Mirador further denies that it has any wrongful or unlawful practices or policies, or that any person, including Plaintiff, was not properly compensated. Paragraph 42 of the Complaint contains legal

contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador denies that Plaintiff or any other person is entitled to any relief. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 42 of the Complaint.

43.     El Mirador denies the validity of the claims pled in the Complaint; denies that this matter should or could proceed as a collective, representative or class action under any law or rule of procedure; denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist; and denies that Plaintiff is or could be a member or representative of any such hypothetical collective or class action as alleged in paragraph 43 of the Complaint. El Mirador further denies that any person, including Plaintiff, was not properly compensated. El Mirador denies that Plaintiff or any other person is entitled to any relief, including the relief alleged in paragraph 43 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 43 of the Complaint.

## XIV.

## CLASS ALLEGATIONS

44.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should or could proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador denies all allegations of numerosity and practicality as alleged in paragraph 44 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 44 of the Complaint.

45.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador denies further that any facts would lend themselves to a calculation of any such hypothetical class; reasserts that there is no such class or classes; and denies that any facts relevant to a calculation is or could be within El Mirador's control. El Mirador is without sufficient knowledge to form a belief as to what Plaintiff does not know, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 45 of the Complaint.

46.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador denies all remaining allegations contained in paragraph 46 of the Complaint.

47.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador denies that it acted or refused to act on grounds generally applicable to the New Mexico Class as alleged in paragraph 47 of the Complaint. El Mirador denies that Plaintiff or any other person is entitled to any relief, including the relief alleged in paragraph 47 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 47 of the Complaint.

48.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist, and denies that there are any questions of law or fact common to any such hypothetical alleged class(es). Paragraph 48 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether Defendants employed Plaintiff or others, whether the alleged hypothetical class(es) is/are properly maintainable under Fed. R. Civ. P. 23(b)(3), and/or whether any alleged questions or law or fact predominate as alleged in paragraph 48 of the Complaint. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador further denies that any person, including Plaintiff, was not properly compensated; denies that the allegations in the sup-parts of paragraph 48 constitute questions of law or fact common to any hypothetical alleged class(es); denies that the allegations in the sub-parts to paragraph 48 predominate over questions affecting any alleged hypothetical class members and/or representatives; and denies that Plaintiff or any other person is entitled to any relief, including the relief alleged in paragraph 48 of the Complaint and its sub-parts. El Mirador incorporates by refence the foregoing response as if fully set forth in each of the sub-parts to paragraph 48 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 48 of the Complaint, including all sub-parts thereto.

49.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico

Class exist, or could exist. El Mirador denies all allegations of typicality as alleged in paragraph 49 of the Complaint. Paragraph 49 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether members of an alleged hypothetical class worked for Defendants, and/or whether declaratory relief is appropriate. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador denies that it has any wrongful or unlawful practices, policies or patterns of unlawful practices or polices; and denies that any person, including Plaintiff, was not properly compensated . El Mirador denies that it acted or refused to act on grounds generally applicable to any alleged hypothetical class, the existence of which is denied; and denies that Plaintiff or any other person is entitled to any relief, including declaratory relief as alleged in paragraph 49 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 49 of the Complaint.

50.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador denies that any FLSA Class or New Mexico Class exist, or could exist, and further denies that Plaintiff is or could be a member or representative of any such hypothetical collective or class action. El Mirador denies more specifically that Plaintiff or anyone else could fairly or adequately represent or protect the interests of any alleged hypothetical New Mexico Class, or any other type of class, as alleged in paragraph 50 of the Complaint. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 50 of the Complaint. El Mirador incorporates by refence the foregoing response to paragraph 50 of the Complaint as if fully set forth in each of the sub-parts

to such paragraph, and further responds to the allegations in each such sub-part as follows: El Mirador is without sufficient information to form a belief as to what Plaintiff or others understand and/or recognize, and thus deny such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 50 of the Complaint, including all sub-parts thereto.

51.     El Mirador is without sufficient information to form a belief as to whether Plaintiff retained counsel, or whether counsel for Plaintiff is competent or experienced, and thus denies such allegations. To the extent any further response is required, El Mirador denies all remaining allegations contained in paragraph 51 of the Complaint, including all sub-parts thereto.

52.     El Mirador denies the validity of the claims pled in the Complaint, and denies that this matter should proceed as a collective, representative or class action under any law or rule of procedure. El Mirador further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador denies all allegations of superiority as alleged in paragraph 52 of the Complaint. El Mirador further denies that Plaintiff or any other person is entitled to any relief, including the relief alleged in paragraph 52 of the Complaint. El Mirador further denies that it has any wrongful or unlawful practices or policies. El Mirador denies all remaining allegations contained in paragraph 52 of the Complaint.

## XV.

## JOINT EMPLOYER ALLEGATIONS

53.     El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador admits that Perea is and was an officer of El Mirador, but

denies that Perea acted outside the course and scope of his employment. All remaining allegations contained in paragraph 53 of the Complaint are denied.

54.     El Mirador denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador admits that Perea is and was an officer of El Mirador, but denies that Perea acted outside the course and scope of his employment. Paragraph 54 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether Plaintiff and the alleged hypothetical FLSA Class members were employees. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. All remaining allegations contained in paragraph 54 of the Complaint are denied.

55.     Paragraph 55 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether unidentified persons were employees. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. All remaining allegations contained in paragraph 55 of the Complaint are denied.

56.     Paragraph 56 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. All remaining allegations contained in paragraph 56 of the Complaint are denied.

57.     El Mirador admits that Perea is and was an officer of El Mirador, but denies that Perea acted outside the course and scope of his employment. Paragraph 57 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, whether unidentified persons as employees.

To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. All remaining allegations contained in paragraph 57 of the Complaint are denied.

58. Paragraph 58 of the Complaint contains legal contentions, characterizations or conclusions to which no response is required – specifically including, but not necessarily limited to, the characterization of El Mirador as an employer. To the extent any response to legal contentions, characterizations or conclusions is required, all such allegations are denied. El Mirador denies that Plaintiff or any other person is entitled to any relief, including the relief alleged in paragraph 58 of the Complaint. All remaining allegations contained in paragraph 58 of the Complaint are denied.

**RELIEF SOUGHT**

59. El Mirador denies that Plaintiff or any other person is entitled to any relief, including the relief alleged in the "RELIEF SOUGHT" section of the Complaint and its sub-parts thereto; denies the validity of the claims pled in the Complaint; denies that this matter should or could proceed as a collective, representative or class action under any law or rule of procedure; and further denies that any alleged hypothetical FLSA Class or New Mexico Class exist, or could exist. El Mirador also denies that:

1. the Court should enter any order recognizing this proceeding as a collective action under § 216(b) of the FLSA, or order any notice to any alleged hypothetical putative class members;

2. the Court should find Defendants liable for any relief, including the relief sought in sup-part 2 of the "RELIEF SOUGHT" section of the Complaint;

3. the Court should enter any order for costs other than for Defendants' costs;

4.  the Court should enter any award for attorneys' fees other than for Defendants' attorney's fees;

5.  the Court should enter any award for prejudgment or post-judgment interest;

6.  the Court should grant any other relief to Plaintiff;

7.  with respect to Plaintiff's New Mexico class action claim, El Mirador denies that:

    a.  this matter should or could proceed as a collective, representative or class action under any law or rule of procedure;

    b.  Plaintiff should or could be designated as the representative of any alleged hypothetical class;

    c.  Defendants engaged in any wrongful or unlawful practices;

    d.  Plaintiff's counsel should or could be appointed as counsel on behalf of any alleged hypothetical class;

    e.  Defendants engaged in any wrongful or unlawful practices, or that Plaintiff or any other person is entitled to any relief, including equitable or injunctive relief;

    f.  Plaintiff or any other person is entitled to any relief, including, but not necessarily limited to, damages, liquidated damages, statutory penalties or restitution;

    g.  Plaintiff or any other person is entitled to prejudgment or post-judgment interest;

    h.  Plaintiff or any other person is entitled to any relief from Defendants, including, but not limited to, equitable or injunctive relief

> i.   Plaintiff or any other person is entitled to an award of Plaintiff's attorneys'
>       fees or costs of any kind; and
>
> j.   Plaintiff or any other person is entitled to any relief.

60.     Unless expressly admitted in this Answer, El Mirador denies each and every express and implied allegation in the Complaint.

## PRAYER

Wherefore, El Mirador respectfully requests that the Complaint be dismissed, with prejudice; that judgment be entered against Plaintiff and in favor of Defendants; that the Court deny Plaintiff's requests to certify any collective and/or class action; that the Court award El Mirador its costs and attorney's fees; and for such other or further relief for El Mirador as the Court deems just and proper.

## DEFENSES

El Mirador asserts each of the following numbered paragraphs as separate defenses, and, where applicable, as separate affirmative defenses, to the individual, representative, collective and putative class action claims. El Mirador does so without assuming the burden of proof as to any such defense where the burden is otherwise on Plaintiff under applicable substantive and/or procedural law:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     El Mirador preserves all statute of limitation defenses. The applicability of statutes of limitation require individualized determinations for each alleged hypothetical putative member of the purported collective and/or class action, thereby precluding collective and/or class-wide resolution.

3.     El Mirador invokes the defenses, protections and limitations of the FLSA.

4.      At all times, El Mirador acted in good faith, and had reasonable grounds to believe its actions were in compliance with law, including with the FLSA.

5.      El Mirador did not act with any knowing, willful, or reckless disregard, and did not know about or show any knowing, willful or reckless disregard for whether its conduct was prohibited by the FLSA.

6.      This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time under the FLSA and other laws and/or regulations.

7.      Plaintiff is not entitled to any liquidated/punitive damages as El Mirador did not act or fail to act in any manner sufficient to give rise to any such damages or liability.

8.      To the extent Plaintiff may seek liquidated/punitive damages, El Mirador preserves all defenses to such damages, including those under the FLSA, the New Mexico and United States Constitutions and under all other applicable laws.

9.      All claims for de minimus work time are bared as not compensable under the FLSA.

10.     To the extent any damages are sought that are not recoverable under the FLSA, such claims are barred.

11.     Plaintiff was properly compensated.

12.     The alleged time for which Plaintiff claims to have worked is irregular as well as practically and administratively difficult to record.

13.     Plaintiff and the alleged members of any hypothetical purported or putative class and/or collective action are not similarly situated. The potential claims of the alleged hypothetical members reflect variability.

14.     Plaintiff and the alleged members of any hypothetical purported or putative collective and/or class action, even if such members did or could exist, cannot and should not be maintained on a collective, representative or class action basis because such claims fail to meet the necessary requirements for class certification including, but not necessarily limited to, ascertainability, typicality, commonality, numerosity, manageability, superiority, adequacy of the class representative, lack of a community of interest amoung the putative members, and because class certification is in appropriate due to El Mirador's lawful policies.

15.     Plaintiff and the alleged members of any hypothetical purported or putative collective and/or class action, even if such members did or could exist, cannot and should not be maintained on a collective, representative or class action basis because such claims would violate the procedural and/or substantive due process clauses of the New Mexico and/or United States Constitutions.

16.     El Mirador denies that Plaintiff or any other person is entitled to any relief, but preserves the defense of mitigation of damages.

17.     El Mirador denies that Plaintiff or any other person is entitled to any relief, but preserves all defenses under the doctrines of waiver, estoppel, laches, ratification, acceptance, acquiescence and/or unclean hands.

18.     El Mirador denies that Plaintiff or any other person is entitled to any relief, but preserves the defense of comparative fault, including as may be attributed to Plaintiff, other parties, and unnamed third-parties.

19.     El Mirador denies that Plaintiff or any other person is entitled to any relief, but preserves all defenses for Plaintiff's failure to exhaust administrative remedies.

20.     El Mirador denies that Plaintiff or any other person is entitled to any relief, but preserves all defenses for Plaintiff's failure to provide adequate notice and/or opportunity to cure.

21.     El Mirador's actions were in good faith, conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, guidance, advice and/or practice of the Department of Labor.

22.     El Mirador seeks its costs and attorney's fees to the extent available under applicable law.

23.     El Mirador reserves the right to assert further defenses, including affirmative defenses, as they become evident though discovery or further investigation.

## PRAYER

Wherefore, El Mirador respectfully requests that the Complaint be dismissed, with prejudice; that judgment be entered against Plaintiff and in favor of Defendants; that the Court deny Plaintiff's requests to certify any collective and/or class action; that the Court award El Mirador its costs and attorney's fees; and for such other or further relief for El Mirador as the Court deems just and proper.

Respectfully submitted:

Jackson Law, LLC

By: */s/ Wesley C. Jackson*
        Wesley C. Jackson, Esq.
Attorney for Defendant El Mirador, Inc.
and Louis Perea
7125 Prospect Pl. NE
Albuquerque, NM 87110
Telephone: (505) 288-5002
Facsimile: (505) 884-6362

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served electronically through the Court's CM/ECF system on this 22nd day of December, 2016.

Jackson Law, LLC

By: /s/ *Wesley C. Jackson*
Wesley C. Jackson, Esq.
Attorney for Defendant El Mirador, Inc.
and Louis Perea
7125 Prospect Pl. NE
Albuquerque, NM 87110
Telephone: (505) 288-5002
Facsimile: (505) 884-6362