UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| MARGARET J. LOPEZ, individually and on behalf of all others similarly situated; | § § § § | |
| Plaintiff, | § § § | CAUSE NO. 1:16-cv-01257-RB-KBM |
| vs. | § § | |
| EL MIRADOR, INCORPORATED and LOUIS PEREA | § § § § | |
| Defendants. | § § | |

# **MEMORANDUM OF AUTHORITIES**

**MAY IT PLEASE THE COURT:**

This is a putative collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*. and the New Mexico Minimum Wage Act, N.M. Stat. §50-4-22 seeking unpaid overtime. The parties have reached a settlement of this matter. The Settlement Agreement requires that the terms of the Settlement be kept confidential and that the Settlement Agreement be filed under seal.

The Settlement Agreement contains an itemization of the specific settlement amounts available to each Class Member, as well as each Class Member's name. Thus, the Settlement Agreement contains personal information that must be kept from public view to protect the privacy interests of the Class Members.

In the 10th Circuit, Circuit, "' [c]ourts have long recognized a common-law right of access to judicial records,' but this right `is not absolute.'" *Anderson v. Walgreen Co.,* No. 14-cv-02642, 2016 U.S. Dist. LEXIS 1740(D. Colo. 2016), at \*3 (citing *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.,* 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v.*

*Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007)). Courts may exercise discretion and restrict a public's right to access judicial records if that "`right of access is outweighed by competing interests.'" *Id.* (quoting *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011)). In exercising that discretion, the court "`weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *Id.*, at *3-*4 (citing *United States v. Dillard,* 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id.,* at *4 (citing *JetAway,* 754 F.3d at 826 (quotation marks and citation omitted)). "[A] generalized allusion to confidential information" is insufficient. *Id.* (citing *JetAway,* 754 F.3d at 827). A sufficient showing to overcome the presumption may be found where the records contain private or personally identifiable information, or invade privacy interests. *Id.*, (citing F. R. Civ. P. 5.2 and *Huddleson v. City of Pueblo, Colo.,* 270 F.R.D. 635, 637 (D. Colo. 2010), respectively). The decision to seal records is best left to the sound discretion of the trial court to be exercised in light of the relevant facts and circumstances of the particular case. *Id.,* at *5 (citing *Nixon,* 435 U.S. at 599).[1]

In *Williamson v. Ameriflow Energy Servs., LLC*, No. 15-878-MCA/GJF, 2017 U.S. Dist. LEXIS 66209 (D.N.M., May 1, 2017), this Court recently allowed the parties to file an FLSA Settlement Agreement under seal stating:

---

[1] Note that, contrary to the motion before this Court, the *Anderson c*ourt denied the parties' motion to seal the FLSA settlement agreement because the parties failed to engage in any analysis as to why the interest they sought to protect outweighed the presumption of public access, they failed to comply with Local Rules, and they requested that the Court withdraw their motion.

2

> In the interests of maintaining the confidentiality of the settlement process and agreement in this case, the Court **GRANTS** the party's motion to seal all materials provided to this Court, *in camera*. These documents will be kept under seal as attachments 1 through 3 in a supplement to this Report and Recommendation. The Court also **GRANTS** the party's oral argument to seal the recording of the Fairness Hearing given the specific terms of the Confidential Settlement Agreement were explicitly discussed. *Id*. at *3, fn.1

Accordingly, to protect the integrity of the settlement process and maintain the privacy rights of the Class Members, including their names, the parties jointly move this Honorable Court for leave to file the Settlement Agreement under seal so that the Court may conduct an *in camera* review of the Settlement Agreement.

Respectfully submitted:

*/s/ Philip Bohrer*
Philip Bohrer
Scott E. Brady
BOHRER BRADY, LLC.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

***Counsel for Plaintiffs***


*/s/ Victor Montoya*
Victor P. Montoya
Andrea K. Robeda
JACKSON LEWIS, P.C.
4300 San Mateo Boulevard N.E.
Suite B-260
Albuquerque, New Mexico 87110-1289
Telephone: (505) 875-8561
Facsimile: (505) 878-0515
montoya@jacksonlewis.com
Andrea.Robeda@jacksonlewis.com

***Counsel for Defendants***